**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 8 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON J. DURHAM,

    Plaintiff,

v.

    CIV-06-0290 MCA/ACT

UNITED STATES OF AMERICA;
DR. JEFFREY B. WHEATON, DDS;
ARDENT HEALTH SERVICES, LLC;
STATE OF NEVADA; STATE OF NEW
MEXICO; HEALTHCARE FOR THE
HOMELESS; UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES;
UNIVERSITY OF KANSAS MEDICAL
CENTER; STATE OF CALIFORNIA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is raised *sua sponte* by the Court, and for the reasons set forth below, this action is **DISMISSED** with prejudice.

Plaintiff Aaron Durham filed a pro se complaint on April 18, 2006, attempting to assert various claims. He also filed an application to proceed without prepayment of fees, which the Court granted by Order that same day. *See* Doc. 3. On June 3, 2006, the Court granted Durham's motion to amend his complaint, warning him that he should include all of the defendants and claims in the amended complaint. *See* Doc. 11. Durham filed the amended complaint on June 5, attaching many exhibits in support of his claims. *See* Doc. 12. After several Defendants answered/and or moved to dismiss Durham's suit, Durham responded and filed a motion to again amend his complaint. *See* Doc. 48. The Court has carefully read and considered all three of Durham's complaints, the exhibits he submitted, and all pleadings he has submitted. Durham is proceeding *in formal pauperis*.



28 U.S.C. § 1915(e)(2) provides in part that a Court shall dismiss a case "at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For the reasons that follow, the instant action will be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2).

## I. SUMMARY OF CLAIMS

Durham states that he is "diagnosed with a mental illness" and receives medical and dental care in Albuquerque, paid for by Medicare and Medicaid. Doc. 4, Ex. 32. As grounds for filing this case in federal court, Durham asserts that "millions" of "unknown" federal agents are allegedly "engaging in a malicious criminal investigation" violating his 1st, 4th, 5th, 6th, 8th, 13th, and 14th Amendment rights. Doc. 48 at 1, Doc. 39 at 1. He thinks that he is being investigated "as a suspected terrorist/enemy combatant." Doc. 4, Ex. 8, 10.

Durham claims that unknown federal agents or unknown employees of Defendant Kansas University Medical Center (KUMC) poisoned him around midnight on July 12, 2001, and then performed an appendectomy as a "hoax to place a . . . telescopic circuit (camera) intended to critically diagnose his vital signs in either his abdomen or neck and also to monitor his location via government monitoring." Doc. 12 at 1. But Durham's medical records he submitted with his complaints show that, upon microscopic examination of the removed appendix, Durham was conclusively diagnosed with "acute appendicitis and peri-appendicitis." Doc. 8, Ex. 41C. Durham claims that, four years later, unknown law enforcement officers conspired with doctors employed by Defendant Ardent Health Services in Albuquerque to remove the implant by poisoning him and then "staging another fake surgery" for gallstones and pancreatitis at Lovelace Sandia Health System

2

hospital. Doc. 12 at 1; Doc. 48 at 3-4; Doc. 8, Ex. 40B. He states that he foiled the plan by refusing surgery. *See id.* He also claims that unspecified doctors "intended to misdiagnose me to prescribe narcotics which I would later dispense illegally." Doc. 8, Ex. 40B. As proof of the conspiracy, he states that medical personnel "wore fake masks and beards and spoke intimate details of my life" and that he only has "the pains after eating in suspicious places, e.g., shelters." *Id.*

As further proof of illegal government harassment in its investigations, Durham claims that law, fire, and EMT personnel in every city where he has lived since 2002 have daily engaged in "false" drills and rescue scenarios using sirens to intimidate him. Doc. 48 at 3. He states that the various entities use the sirens to cause him to become violent and retaliate, and have caused "substantial mental deterioration" and schizophrenia. *Id.* at 4-5. He also claims that various unknown undercover law enforcement agents in California and Nevada have battered him on various occasions. *Id.* at 5-6.

Durham asserts that in April 2005, he received dental care at Defendant Albuquerque's Healthcare for the Homeless, where "doctors placed optical electronic microcircuits" into the fillings of his teeth, depriving him of his 8th and 13th Amendment privileges. Doc. 12 at 3. He says that unknown officers in Las Vegas, Nevada, then used the "optical voice data recognition" chips to force him to answer questions, causing him mental anguish and to attempt suicide. *Id.* at 4. On November 7, 2005, he had his wisdom teeth removed in order to remove the microcircuits, but he alleges that Defendant Jeffrey Wheaton surreptitiously implanted more microchips into his mouth during the oral surgery. *Id.* at 4-5. As proof, Durham notes that the dentist and his assistants were wearing masks made of "Collagen or Kryolan" and that one of the assistants later got on a bus with him, wearing a wig. *Id.* According to Durham, these microchips are able to "diagnose and compute vocal

3

contractions and vibrations" which are then turned into "synthesized digital speech," whether Durham is speaking or not. *Id.* at 5-6. He claims that use of the microchips is cruel and unusual punishment as well as an unconstitutional "physical restraint." *Id.* He also claims that he was tortured, citing the fact that he was administered narcotics during the oral surgery. *Id.* at 6.

According to Durham, he was also tortured while receiving psychiatric care at both Lovelace Sandia Health Systems and Defendant University of New Mexico Hospital when employees used the "optical voice data transmitted from the electronic circuits in his mouth." *Id.* He claims that later, law enforcement officers at the Bernalillo County Metropolitan Detention Center used the voice recognition software to interrogate and torture him. *Id.* at 7.

On April 16, 2006, Durham alleges that he was battered by three or four unknown undercover officers working for the Albuquerque Police Department in an attempt to force him to withdraw his civil complaint. *Id.* But he had not yet filed his complaint in federal court when he was assaulted. Durham called police after the assault, and the police filed a report. When Durham later alleged that undercover city officers assaulted him, the police oversight commission dismissed his complaint after noting that Durham had not claimed his assailants were officers at the time police responded to his call and that "no officers or detectives" were at the location he described. Doc. 8, Ex. 36. Durham states that unspecified doctors at UNM Hospital gave him unspecified but inadequate medical care after this incident in order to try to make him commit himself as insane. Doc. 12 at 7.

Durham requests ten billion dollars in damages, plus unspecific injunctive relief. *See id.* at 8.

## II. ANALYSIS

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

All of Durham's claims are grounded upon allegations that exhibit a patently obvious delusional train of thought.

However sincere Durham may be in his belief that federal law enforcement officials may suspect him as being a terrorist, the Court concludes that his claims that city police, EMT, and fire personnel purposefully conduct false rescue missions to harass him wherever he goes; that unknown undercover federal, state, and city agents follow him around from city to city and batter and poison him at bus stations and homeless shelters; and that medicare providers have implanted tracking and

5

voice and thought decoding devices in him are clearly delusional under the facts alleged and the evidence provided. *See Owens-El v. Pugh*, 16 Fed. Appx. 878 (10th Cir. 2001) (dismissing appeal as frivolous where plaintiff claimed he was harassed and tortured through a mind-control device) (unpublished); *Handshy v. Graves*, 22 Fed. Appx. 972 (10th Cir. 2001) (dismissing appeal as frivolous where plaintiff alleged "clearly delusional" claims that "computer chips were implanted in his body at the time of his birth and that prison officials were 'hacking into' these computer chips to obtain information about him, control him, and 'puppet master' him") (unpublished); *Johnson v. D.E.A.*, 137 Fed. Appx. 680 (5th Cir. 2005) (affirming dismissal of case as delusional where plaintiff alleged "implantation of a transmitter in his scalp by the Drug Enforcement Administration") (unpublished); *LaVeau v. Snyder*, 84 Fed. Appx. 654 (7th Cir. 2003) (holding that "allegations of a surveillance device that can read minds and manipulate thoughts are fantastic and delusional," and affirming dismissal of complaint without an evidentiary hearing) (unpublished); *Sawyer v. Martin*, 2000 WL 33119431 (E.D. Pa. Dec. 22, 2000) (holding that "Plaintiff's claim that he has been 'implanted with a device used in biocommunications [sic] and psychological programming, wherein he's used for unlawful experimentation and surveillance . . .' is an example of the kind of fantastic or delusional scenarios the Supreme Court envisioned when it defined 'clearly baseless' claims" and dismissing case) (unpublished).

**NOW, THEREFORE, IT IS ORDERED** that this action is **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, *United States' Motion to Dismiss Due to Failure of Plaintiff to Effect Proper Service* [Doc. 74], *Plaintiff's Motion for Default Judgement* [Doc. 67], *Plaintiff's Motion for Default Judgement* [Doc. 68], *Plaintiff's Cross*

*Motion to Amend Complaint in Response to Defendants, United States, Ardent Health Systems, Dr. Jeffrey B. Wheaton and UNM Health Sciences Motions to Dismiss Complaint* [Doc. 48], *Defendant University of New Mexico Health Sciences' Motion to Dismiss* [Doc. 44], *Dr. Wheaton's Motion to Dismiss* [Doc. 29], *Motion of Defendant Ardent Health Services, LLC to Dismiss Complaint or, Alternatively, for Appointment of Guardian ad Litem for Plaintiff* [Doc. 28], *Plaintiff's Motion for Application on Notice* [Doc. 26], *United States' Motion to Dismiss* [Doc. 24], and *Plaintiff's Motion for Withdrawal* [Doc. 23] are **DENIED AS MOOT**.

**SO ORDERED**, this 28th day of September, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**